UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 6-19-KKC

NINA NJOKU,                                                                                                    PLAINTIFF

vs.                                         **OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND FAMILY SERVICES,
KENTUCKY PERSONNEL BOARD
and the agent and employees of said state agencies,                                DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motions to Dismiss [Rec. Nos. 4 and 7]. For the reasons stated below, the Court GRANTS the Motions in part and DENIES in part.

**I. FACTUAL BACKGROUND**

The Plaintiff alleges that in terminating her employment as a social worker, the Kentucky Cabinet for Health and Family Services ("the Cabinet"), illegally discriminated against her based on race, color, national origin and age. The Plaintiff is Ghanaian and is over the age of forty. Plaintiff further alleges that the Defendants illegally retaliated against her for certain statements she made concerning a local family court judge.

After she was terminated from her employment, Plaintiff properly appealed her case to the Kentucky Personnel Board ("Personnel Board"). After a four day evidentiary hearing, a hearing officer issued a report in which he\she found that the employment action was justified and that the plaintiff failed to prove her claims of discrimination or retaliation. After hearing oral arguments from the parties, the Personnel Board adopted the hearing officer's findings and dismissed Plaintiff's appeal. As a result, Plaintiff alleges that the Personnel Board illegally

discriminated against her by refusing to allow her to present rebuttal evidence at the hearing before the board and for failing to treat white employees under the age of forty in the same manner.

In December, 2005, the Plaintiff appealed to the Franklin Circuit Court. On February 27, 2006, the Franklin Circuit Court entered an order dismissing Plaintiff's complaint for failure to invoke the jurisdiction of the court.

On March 24, 2006, the Plaintiff filed a complaint in this Court against the Defendants alleging employment discrimination in violation of 29 U.S.C. § 626 et seq, 42 U.S.C. § 1988, 42 U.S.C. § 2000(e) ("Title VII"), 42 U.S.C. § 1985, 42 U.S.C. § 1986 and KRS § 344.

On April 26, 2006, the Defendant Personnel Board filed a Motion to Dismiss [Rec. No. 4] Plaintiff's Complaint. As grounds for the Motion, the Personnel Board argues that it is entitled to judicial or quasi-judicial immunity, it is not an employer for purposes of Title VII, and Plaintiff's claims are precluded by the doctrines of issue preclusion and claim preclusion. On May 12, 2006, the Defendant Cabinet filed a Motion to Dismiss [Rec. No. 7] likewise arguing that Plaintiff's claims are precluded by the doctrines of issue and claim preclusion.

The Plaintiff filed a Motion for Rule 11 Sanctions on June 6, 2006 arguing that the Defendant Cabinet's Motion was not made in good faith. [Rec. No. 11].

Because the Defendants did not address the merits of Plaintiff's claims in the Motions to Dismiss, the Court likewise did not consider the merits and ruled only upon the arguments advanced by the Defendants.

## II. MOTION TO DISMISS

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint

should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cruz v. Beto, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheid v. Fanny Farms Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (quoting Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983)).

## III. ANALYSIS

### a. Issue Preclusion and Claim Preclusion

Defendants argue that Plaintiff's claim must be dismissed according to the doctrines of issue preclusion and claim preclusion because she has already litigated the issue of whether or not her dismissal was based on discrimination or retaliation at the Personnel Board hearing.

In *University of Tennessee v. Elliott*, 478 U.S. 788 (1986), the United States Supreme Court held that unreviewed state administrative proceedings do not have a preclusive effect on common law doctrines of preclusion or on Title VII actions under the Full Faith and Credit Statute, 28 U.S.C. § 1738. Because the Franklin Circuit Court dismissed the action for lack of jurisdiction, the action was not subject to review on the merits.[1] [Rec. No. 7, exhibit F]. Thus, the

---

[1] The Defendants argue that the facts in *Bray v. New York Life Ins.*, 851 F.2d 60 (2nd Cir. 1988) are identical to this case and thus, the doctrines of preclusion bar this case from proceeding. [Rec. No. 12]. However, the Defendants are mistaken. In *Bray*, the plaintiff brought employment discrimination claims in federal court after a state court had dismissed her appeal, from the decision of an administrative body, on statute of limitations grounds. New York treats dismissal on statute of limitations grounds as a decision on the merits sufficient to bar a second action. *Id*. The facts of this case are distinguishable because the Plaintiff's appeal was dismissed by the Franklin Circuit Court for lack of jurisdiction, which is not considered a judgment on the merits sufficient to preclude a subsequent action. *See City of Louisville v. Louisville Prof'l Firefighters Ass'n*, 813 S.W.2d 804, 807 (Ky. 1991) ("The general rule is that a former adjudication is regarded as not being on the merits, within the scope of the doctrine of res judicata, where it was based upon the fact that the court lacked jurisdiction.").

administrative proceeding has no preclusive effect on Plaintiff's Title VII action.

Although unreviewed state administrative proceedings do not preclude Title VII actions, administrative proceedings may preclude certain kinds of issues or claims. In *Elliot,* the Supreme Court also held that " when a state agency acting in a judicial capacity ⋯ resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Elliott*, 478 U.S. at 799 (quoting *Utah Construction & Mining Co.*, 384 U.S. 394, 422)(citations and internal quotation marks omitted).

In reviewing this case under *Elliot,* this court must determine (1) whether the agency was acting in a judicial capacity; (2) whether the agency's decision has a preclusive effect under Kentucky law; and (3) whether the federal action seeks to re-litigate issues already determined by the state agency." *Nelson v. Jefferson County, Ky.*, 863 F.2d 18, 19 (6th Cir. 1988).

"An administrative board acts in a judicial capacity when it hears evidence, gives the parties an opportunity to brief and argue their versions of the facts, and the parties are given an opportunity to seek court review of any adverse findings." *Nelson*, 863 F.2d at 19. Although Plaintiff argues that the Hearing Officer's findings at the Personnel Board hearing were erroneous, she concedes that she received an evidentiary hearing before a hearing officer, that she was granted an oral argument before the Personnel Board following the hearing, and that she had a right to appeal the Personnel Board's decision to the Franklin Circuit Court. [Rec. No. 5]. Thus, under *Elliot*, the Personnel Board was acting in a judicial capacity.

The Court must also consider whether the decision of the Personnel Board would have a preclusive effect under Kentucky law. "In general, Kentucky courts apply the doctrine of issue

4

preclusion as to matters which were necessarily involved and determined in a former action." *Nelson*, 863 F.2d at 19. "Kentucky courts subscribe closely to the philosophy of the Restatement 2d of Judgments § 83 comment b," which states:

> Where an administrative forum has the essential characteristics of a court, therefore its determinations should be afforded the same finality that is accorded the judgment of a court. The importance of bringing a legal controversy to conclusion is generally no less when the tribunal is an administrative tribunal than when it is a court. *Id*.

The Personnel Board proceeded much like a court in conducting a hearing, allowing the parties to present evidence and witnesses, and making a final determination on the merits of Plaintiff's claim. Thus, it appears that Kentucky courts would apply the doctrine of issue preclusion to issues decided by the Personnel Board.

Finally, the Court must determine whether the issues that the Plaintiff seeks to litigate in this Court are the same issues that were litigated in the Personnel Board proceedings. "Since *Elliott* dealt with issue preclusion, any issues not necessarily involved in and determined in the [Personnel Board] hearing, will not be precluded in federal court." *Nelson*, 863 F.2d at 19-20.

Plaintiff's appeal to the Personnel Board consisted of the following claims: age, ethnic, race and color discrimination as well as reprisal and retaliation for statements concerning a local family court judge [Rec. No. 7, Exhibit 10, Personnel Board Findings of Fact, Conclusions of Law, and Recommended Order]. At the hearing, the Plaintiff testified that she was discriminated against because she was Nigerian, black and forty-five years old. [Rec. No. 7, Exhibit 10, pg. 13]. Plaintiff further testified that she was treated differently than other white employees. *Id*. At the close of the proceedings, the Personnel Board found just cause for Plaintiff's termination due to unsatisfactory performance of her duties and no evidence of discrimination or retaliation. [Rec.

No. 7, Exhibit 12, pg. 2].

Plaintiff's Complaint in this action alleges discrimination on the basis of race, national origin, age, and color, also retaliation and reprisal for statements made concerning a local family court judge all in violation of 29 U.S.C. § 626 et seq. ("ADEA"), 42 U.S.C. § 1988, 42 U.S.C. § 2000(e) ("Title VII"), 42 U.S.C. § 1985, 42 U.S.C. § 1986, 28 U.S.C. § 1331[2] and KRS § 344.010 et seq. [Rec. No. 1, Complaint].

In *Astoria Federal Savings and Loan Ass'n. v. Solimino*, 501 U.S. 104 (1991), the Supreme Court specifically held that "[j]udicially unreviewed state administrative findings have no preclusive effect on age-discrimination proceedings in federal court." Thus, Plaintiff's ADEA claim is not precluded by the unreviewed Personnel Board decision. As previously stated, Plaintiff's Title VII action is not precluded by Personnel Board proceedings. *Elliott*, 478 U.S. 788 (1986). The Kentucky Civil Rights Act, KRS 344.010 et seq., is very similar to Title VII and "should be interpreted consistently with federal law." *Ammerman v. Board of Educ., of Nicholas County*, 30 S.W.3d 793, 797-798 (Ky. 2000). Thus, like Plaintiff's Title VII claim, her claim pursuant to the Kentucky Civil Rights Act is not precluded. However, Plaintiff's claims pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 1985, and 42 U.S.C. § 1986 are precluded by the Personnel Board proceedings according to the principles outlined above in *Elliot* and *Nelson*.

In Count Two of her Complaint, the Plaintiff alleges that she was denied due process of law during the Personnel Board hearing because the hearing officer refused to hear certain evidence in violation of the Fourteenth Amendment to the United States Constitution. [Rec. No.

---

[2] Plaintiff admits that her age discrimination claim pursuant to 28 U.S.C. §1331 was litigated in the Personnel Board proceedings. [Rec. No. 10].

1]. Since this claim was not litigated in the hearing before the Personnel Board, this claim is not precluded.

### b. Judicial or Quasi-Judicial Immunity

The Personnel Board argues that the Plaintiff's case must be dismissed because the Board has absolute judicial immunity under *Butz v. Economou*, 483 U.S. 478 (1978). The Supreme Court in *Butz* held that federal executive officials who exercise discretion are entitled to qualified immunity and persons who perform adjudicatory functions within federal agencies are entitled to absolute immunity from damages for their judicial action. 483 U.S. 478. However, this immunity "only precludes claims for monetary damages against officials in their individual capacities, and not claims for injunctive or declaratory relief." *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996); *See also DeVito v. Chicago Park Dist.*, 83 F.3d 878, 881 (7th Cir. 1996). The Plaintiff has named the Commonwealth of Kentucky, Cabinet for Health and Family Services and the Kentucky Personnel Board as defendants. The Plaintiff has not brought any claims against the Defendants in their individual capacities, thus, the immunity described in *Butz* is inapplicable in this case. Furthermore, Plaintiff, in addition to her claim for monetary damages, seeks injunctive and declaratory relief.

### c. Eleventh Amendment Immunity

The Defendant Personnel Board broadly states that it is entitled to Eleventh Amendment Immunity. However, the Defendant offers no case law or argument to support the statement, furthermore, the Defendant failed to file a reply in response to Plaintiff's arguments. However, the Court finds that the Defendants are entitled to Eleventh Amendment immunity for at least one of Plaintiff's claims.

"The state sovereign immunity provision of the Eleventh Amendment...prohibits Congress from directing the federal courts to hear suits by citizens against a state or its executive, legislative or judicial departments. On the other hand, the Fourteenth Amendment in Section 5...partially abrogates this state immunity from suit in federal courts by giving Congress the power to enforce [Section 1 of the Amendment] by appropriate legislation, including the creation of federal causes of action against states in federal court." *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 810 (6th Cir. 2002)(internal quotation marks and citations omitted). The Supreme Court has stated that "Congress may, in determining what is appropriate legislation for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts." *Fitzpatrick v. Bitzer*, 427 U.S. 445 (US 1976).

In *Fitzpatrick v. Bitzer*, the Supreme Court specifically held that sovereign immunity afforded to States by the Eleventh Amendment does not bar a Title VII action. 427 U.S. 445. Thus, the Plaintiff's Title VII claim is not barred by Eleventh Amendment immunity.

However, in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000), the Supreme Court specifically held that suits for money damages against a State under the ADEA are barred by the Eleventh Amendment. In order for the Defendants in this case to enjoy Eleventh Amendment immunity, the agencies must be considered an "arm of the state." *Kovacevich v. Kent State University*, 224 F.3d 806, 816 (6th Cir. 2000). The Cabinet for Health and Family Services is clearly an agency established by the Commonwealth of Kentucky and any judgment against the Cabinet would be assessed against the state treasury, thus, the Cabinet enjoys the same Eleventh Amendment immunity as the state enjoys regarding Plaintiff's ADEA claim. *See Reese v. State of*

8

*Michigan*, 234 F.3d 1269 (Table), 2000 WL 1647923 (6th Cir. 2000) (unpublished). The Personnel Board was created and is administered by the Commonwealth of Kentucky and the majority of its members are appointed by the Governor with the remaining members being classified employees. KRS § 18A.045. Therefore, the Personnel Board is also an agency of the Commonwealth of Kentucky and enjoys immunity from suits for money damages under the ADEA.

### d. Definition of an Employer under Title VII

The Personnel Board argues that a Title VII claim cannot be maintained against it because it does not fall within the definition of an employer for purposes of Title VII. Title VII defines the term employer as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person*...
> 42 U.S.C. § 2000e(b)(emphasis added).

The Plaintiff argues that the Personnel Board is a proper party because it is an agent of the employer, i.e. Commonwealth of Kentucky. "Agent is not defined by Title VII but has been interpreted as an individual who serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)(internal quotation marks and citations omitted).

However, the language "any agent of such person" in the statute defining an employer for purposes of Title VII "was intended to impose respondeat superior liability on employers for the acts of their agents- not to create liability for every agent of an employer." *DeVito*, 83 F.3d at 888. In order for an agent to be liable under Title VII, the agent must "otherwise meet the

9

statutory definition of [an] employer." *Id*. at 882. The agent must have fifteen or more employees engaged in an industry affecting commerce. *Id*. The Personnel Board consists of seven members, thus, it does not otherwise meet the statutory definition of an employer. KRS § 18A.045. Therefore, a Title VII action cannot be maintained against the Personnel Board. Since the Kentucky Civil Rights Act (KRS Chapter 344) is interpreted in accordance with Title VII, Plaintiff's claim pursuant to KRS Chapter 344 against the Personnel Board cannot proceed. *Wathen*, 115 F.3d at 404.

### III. PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

The Plaintiff argues that the Defendant Cabinet's Motion to Dismiss was not made in good faith because the Cabinet knew that the Personnel Board's ruling was not reviewed before the Franklin Circuit Court. "In this circuit, the test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929 (6th Cir. 2002). The Court finds that the arguments of the Defendants regarding the doctrines issue and claim preclusion were reasonable, thus, the Court will not impose Rule 11 sanctions.

### IV. CONCLUSION

The Court, considering only the arguments submitted in the Defendants' Motions to Dismiss and not addressing the merits of Plaintiff's claims, **ORDERS** as follows:

(1) Defendants' Motions to Dismiss [Rec. Nos. 4 and 7 ] are DENIED as to Plaintiff's discrimination claims against the Cabinet for Health and Family Services pursuant to Title VII and the Kentucky Civil Rights Act and as to Plaintiff's claims against the Personnel Board based on violations of due process

and equal protection pursuant to the Fourteenth Amendment.

(2)  Defendants' Motions to Dismiss [Rec. Nos. 4 and 7 ] are GRANTED as to all other claims asserted by the Plaintiff.

(3)  Plaintiff's Motion for Rule 11 Sanctions [Rec. No. 11] is DENIED.

This the 1st day of February, 2007.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge