UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 06-19-KKC

NINA NJOKU,                                                                                                                                                                             PLAINTIFF,

v.                                  **OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND FAMILY SERVICES,
KENTUCKY PERSONNEL BOARD
and the agent and employees of said state agencies,                           DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court on Defendant, Commonwealth of Kentucky, Cabinet for Health and Family Service's Motion for Reconsideration [Rec. No. 17]. For the reasons stated below, the Court GRANTS the Motion.

The facts in this matter are laid out in the Court's February 1, 2007 Opinion and Order [Rec. No. 14], thus, the Court will not reproduce those facts here.

The Defendant argues that the Court erred in refusing to hold that Plaintiff's Title VII are precluded by the doctrines of issue preclusion and claim preclusion. In the Motion to Dismiss, Defendants argued that Plaintiff's claims are precluded because she already litigated the issue of whether or not her dismissal was based on discrimination in the Personnel Board hearing and in a subsequent appeal to the Franklin Circuit Court.

The Supreme Court considered the issue of preclusion in the Title VII context in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982). The plaintiff in *Kremer* filed an employment discrimination claim pursuant to Title VII with the EEOC. The claim was

transferred to a state agency, which determined that the plaintiff's claim was meritless. The agency's decision was upheld on appeal in New York state court. The plaintiff then filed a Title VII complaint in federal district court. The Supreme Court upheld the dismissal of the federal complaint on res judicata grounds, holding that there is no exception to 28 U.S.C. § 1738, the Full Faith and Credit statute, in Title VII actions. 28 U.S.C. § 1738 "requires federal courts to afford the same full faith and credit to state court judgments that would apply in the State's own courts." *Kremer*, 456 U.S. at 461.

The Supreme Court, four years later, in *University of Tennessee v. Elliott*, 478 U.S. 788, 794 (1986) held that 28 U.S.C. § 1738 is not applicable to unreviewed state administrative proceedings. The plaintiff in *Elliott* requested an administrative hearing following his termination from the university. The administrative law judge determined that plaintiff's discharge was not racially motivated. Instead of pursuing an appeal in state court, the plaintiff proceeded directly to federal court. The Court held that plaintiff's claim pursuant to Title VII was not precluded by the unreviewed administrative proceedings. *Elliott*, 478 U.S. at 796.

"A large majority of the cases applying the Court's holdings in *Kremer* and *Elliott* fall into two distinct categories: those involving litigants who have foregone state court review altogether and those involving litigants who have participated in state court proceedings where the state court has clearly considered the merits of the underlying discrimination claims." *Brye v. Brakebush*, 32 F.3d 1179, 1182 (7th Cir. 1994). Plaintiffs who fall into the former category are entitled to a trial *de novo* on their Title VII claims in federal court while plaintiffs who fall into the latter category are precluded from relitigating their claims in federal court. *Id*.

"However, a small minority of cases, including this one, seem to fall somewhere in

2

between. In these cases, plaintiffs have pursued state court review of adverse administrative decisions, had their petitions dismissed by the state court, yet never obtained any substantive state court review of their underlying discrimination claims." *Brye*, 32 F.3d at 1182. Dismissals in some cases, including this case, result from procedural flaws in litigants' state court petitions. *Id*.

Once a state court judgment has been entered, federal courts must "afford that judgment the same preclusive effect to which it would be entitled in that state's courts." *Brye*, 32 F.3d at 1183. Since the Plaintiff first took her claims to state court, instead of proceeding directly to federal court, this Court must determine what preclusive effect Kentucky state courts would give to the judgment of the Franklin Circuit Court.

While Plaintiff's action was pending in Franklin Circuit Court, the Defendants filed a Motion to Dismiss Plaintiff's petition for failure to name the Personnel Board as a party and failure to make proper service by serving the Attorney General in accordance with KRS 13B.140. [Rec. No. 10, Exhibit 6, pg. 3]. Kentucky Revised Statute 13B.140 provides as follows:

> All final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, within thirty (30) days after the final order of the agency is mailed or delivered by personal service...Copies of the petition shall be served by the petitioner upon the agency and all parties of record. The petition shall include the names and addresses of all parties to the proceeding and the agency involved, and a statement of the grounds on which the review is requested. The petition shall be accompanied by a copy of the final order.

In support of the Motion to Dismiss, Defendants relied on the decision in *Metro Medical Imaging, LLC v. Commonwealth of Kentucky*, 173 S.W.3d 916 (Ky. Ct. App. 2005), which

upheld the dismissal of an appeal from an administrative agency decision because the petitioner failed to issue a summons within the time proscribed by the statute governing administrative appeals, leaving the circuit court without jurisdiction to hear the appeal. In this case, the Franklin Circuit Court ruled in favor of the Defendants dismissing Plaintiff's action stating only that the Plaintiff failed to invoke the jurisdiction of the Court. [Rec. No. 10, Exhibit 6, pg. 10].

The Court must now determine if the decision of the Franklin Circuit Court would be given preclusive effect in Kentucky state courts. In Kentucky, the doctrine of res judicata bars a party from re-litigating a previously adjudicated claim if the previous action involved the same parties, the same cause of action, and was resolved on the merits. *Yeoman v. Commonwealth of Kentucky*, 983 S.W.2d 459, 464-65 (Ky. 1998). The Plaintiff, Njoku, and the Defendant, Commonwealth of Kentucky, Cabinet for Health and Family Services were parties to the underlying state court action. [Rec. No. 10, Exhibit 6].

The Plaintiff appealed the decision of the Personnel Board to the Franklin Circuit Court. Plaintiff's appeal to the Personnel Board consisted of the following claims: age, ethnic, race and color discrimination as well as reprisal and retaliation for statements concerning a local family court judge [Rec. No. 7, Exhibit 10, Personnel Board Findings of Fact, Conclusions of Law, and Recommended Order]. Plaintiff's Complaint in this action alleges discrimination on the basis of race, national origin, age, and color, also retaliation and reprisal for statements made concerning a local family court judge. [Rec. No. 1]. Thus, Plaintiff's underlying state court action involved the same claims that she now asserts in this Court.

The only remaining issue is whether or not the decision of the Franklin Circuit Court was a decision on the merits. In *Metro*, the court held that the failure to issue a summons within the

thirty-day time period for an appeal of an administrative decision deprived the trial court of jurisdiction over the appeal. 173 S.W.3d at 917. In this case, the Plaintiff had thirty days to properly appeal the decision of the Personnel Board. The Franklin Circuit Court determined that the Plaintiff failed to comply with the requirements of the statute within the proscribed time period.

In Kentucky, "dismissal of a pending action based on a failure to comply with the applicable statute of limitations operates as a judgment on the merits for res judicata purposes." *Dennis v. Fiscal Court of Bullitt County*, 784 S.W.2d 608, 609 (Ky. Ct. App. 1990). The dismissal of Plaintiff's action in Franklin Circuit Court was based on failure to properly comply with the requirements of a statute within a specified statute of limitations period. Thus, the decision of the Franklin Circuit Court was a decision on the merits for purposes of res judicata and the Plaintiff is precluded from reasserting those claims in this Court. *See also Eger v. Potter*, 2005 WL 1287060 (W.D.Ky. 2005)(unreported)(Plaintiff failed to file an action within the thirty-day statutory time limit and plaintiff's action was dismissed for lack of jurisdiction. The dismissal operated as a judgment on the merits for purposes of res judicata); *Bray v. New York Life Insurance*, 851 F.2d 60 (2nd Cir. 1988).

Accordingly, the Court hereby **ORDERS** as follows:

(1)  Defendant's Motion to Reconsider the Court's February 1, 2007 Opinion and Order is **GRANTED**;

(2)  all claims against the Defendant, Cabinet for Health and Family Services are **DISMISSED**;

5

(3) Plaintiff's Motion for Leave to File a Memorandum of Law in paper form is

**GRANTED**.

This the 24th day of April, 2007.

Signed By:

*Karen K. Caldwell* KKC

United States District Judge