UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 06-19-EBA

NINA NJOKU,     PLAINTIFF,

V.     **MEMORANDUM OPINION & ORDER**

COMMONWEALTH OF KENTUCKY,
KENTUCKY PERSONNEL BOARD, ET AL.,     DEFENDANTS.

## I. INTRODUCTION

This matter is before the undersigned by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). [R. 26]. The matter is currently before the undersigned on the Defendant's Motion for Summary Judgment. [R. 36]. Having considered the arguments of the parties, and for the reasons set forth herein, this Court orders that the Defendant's Motion for Summary Judgment be granted.

## II. FACTUAL & PROCEDURAL HISTORY

A summary of the general facts underlying this action is contained within the opinion issued by Judge Karen K. Caldwell on February 1, 2007. [R. 14]. Following a Pretrial Conference with the undersigned [R. 32], the parties were permitted to file pleadings regarding the manner in which this matter should proceed. The Defendant filed a Motion for Summary Judgment [R. 36] alleging, *inter alia*, that the Kentucky Personnel Board is entitled to Eleventh Amendment sovereign immunity. The Plaintiff has filed a response [R. 40], and the parties were also granted an opportunity to address the issues during oral argument held on May 27, 2008. [R. 43]. The Motion for Summary Judgment [R. 36] is now ripe for decision.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

While the court must view all facts in the light most favorable to the non-moving party and give him or her the benefit of all reasonable inferences that can be drawn from the facts, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the non-moving party cannot avoid summary judgment merely by resting on the pleadings. See Celotex, 477 U.S. at 324. Instead, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In other words, "the nonmoving party must present 'significant probative evidence' to show that 'there is [more than] some metaphysical doubt as to the material facts.'" Dixon v. Gonzales, 2007 WL 750532 (6th Cir. 2007) (citing Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993)). Thus, where the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 586-87.

Additionally, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "[t]he nonmoving party has an affirmative duty to direct the court's

2

attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." In re Morris, 260 F.3d 654, 665 (6th Cir. 2001).

## IV. ANALYSIS

On May 16, 2008, the Defendant filed a Motion for Summary Judgment. [R. 35]. In said motion, the Defendant argued that summary judgment is appropriate for two reasons: first, the Plaintiff's action is barred by sovereign immunity; and second, even if sovereign immunity does not bar this action, it is barred by the Rooker-Feldman doctrine. The Defendant also addressed issues regarding the availability of injunctive relief, and the Plaintiff's right to a jury trial. The Plaintiff has filed a response [R. 39], in which she briefly addresses the Defendant's arguments regarding sovereign immunity and the application of the Rooker-Feldman doctrine. Because the undersigned decides this matter on the issue of sovereign immunity, the other issues will not be addressed herein.

"[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." Wisconsin Dept. of Correct. v. Schacht, 524 U.S. 381 (1998). The burden of proving that a party is entitled to the protection of sovereign immunity "rests squarely on the party seeking to assert immunity." D.L. Braughler Co. v. Kentucky, 271 F. Supp. 2d 937, 940 (E.D. Ky. 2003) *citing* Gragg v. Kentucky Cab. for Workforce Dev., 289 F.3d 958, 963 (6th Cir. 2002). In the present matter, the Defendant asserts entitlement to Eleventh Amendment sovereign immunity. [R. 35]. The Defendant has shown, as a matter of law, that the Kentucky Personnel Board is an entity that can be protected by Eleventh Amendment sovereign immunity. In the Complaint, the Plaintiff described the Kentucky Personnel Board as "an agency of the Commonwealth of Kentucky." [R. 1 at 2]. Furthermore, Judge Caldwell has already made a determination that the Defendant is an "arm of the state" for purposes of the Eleventh Amendment. [R. 14 at 8-9].

As a general matter, the Eleventh Amendment has been read to bar suits against a state by its own citizens. Hans v. Louisiana, 134 U.S. 1 (1890). Based on the fact that the Kentucky Personnel Board is an arm of the state, being sued by a citizen of the state, it appears that the Board is entitled to assert sovereign immunity unless an exception applies. The Supreme Court has noted three primary exceptions to sovereign immunity which would permit a citizen to sue the state: (1) suits against state officers; (2) waiver; and (3) abrogation of sovereign immunity by Congress. Erwin Chemerinksy, *Federal Jurisdiction* § 7.5 - 7.7 (4th ed. 2003). The Court will briefly address the potential application of each exception.

The first exception, based on suits against state officers, is clearly inapplicable to the case at bar. This exception is based on the rule of law established in Ex Parte Young: "a suit that claims that a state official's actions violate the U.S. Constitution or federal law is not deemed a suit against the state, and is therefore not barred by sovereign immunity, so long as the state official is the named defendant and the relief sought is only equitable and prospective." Martin v. Taft, 222 F. Supp. 2d 940, 957 (S.D. Ohio 2002) *citing* Ex Parte Young, 209 U.S. 123, 160-62 (1908). The Plaintiff did not file suit against any of the individual members of the Kentucky Personnel Board, and admitted in oral argument that the Personnel Board was the only Defendant remaining in this action. Furthermore, the Plaintiff does not allege the type of "ongoing violation of federal law" that would require "prospective equitable relief." Westside Mothers v. Haveman, 289 F.3d 852, 861 (6th Cir. 2002). The Ex Parte Young exception is inapplicable, and the Plaintiff cannot use it as a basis to avoid the application of sovereign immunity.

The second exception, waiver, is also not present in this case. The Supreme Court has set forth a strict test for waiver of sovereign immunity. See Edelman v. Jordan, 415 U.S. 651, 673

4

(1974). A state must make a clear and express waiver of its immunity, see U.S. Pipe & Foundry Co. v. Johnson, 927 F.2d 296, 299 (6t Cir. 1991), which has not been done here. The Kentucky Personnel Board has not waived the protection of sovereign immunity.

The final exception to the Eleventh Amendment, and the one raised by the Plaintiff in the present matter, is congressional abrogation of state immunity. In order to abrogate state sovereign immunity, Congress must "unequivocally express its intent to abrogate the immunity" and act "pursuant to a valid exercise of power." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996) *citing* Green v. Mansour, 474 U.S. 64, 68 (1985). None of the statutes cited by the Plaintiff in her complaint contain an express congressional abrogation of sovereign immunity, and thus, cannot form the basis for sustaining the present suit against the Defendant.[1] See Quern v. Jordan, 440 U.S. 332, 339-41 (1979) (§ 1983 does not abrogate Eleventh Amendment immunity); Amadasu v. Donovan, 2006 WL 1401648 at *11 (S.D. Ohio 2006) (Congress did not abrogate Eleventh Amendment by enacting 42 U.S.C. §§ 1983, 1985 or 1986).

The Plaintiff cannot maintain this suit against an agency of the Commonwealth of Kentucky, because "[the Eleventh Amendment] bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div., 987 F.2d 376, 381 (6th Cir. 1993); see also Akella v. Mich. Dept. of State Police, 67 F. Supp. 2d 716 (E.D. Mich. 1999); Kish v. Michigan State Bd. of Law Examiners, 999 F. Supp. 958 (E.D. Mich. 1998); Thiel v. State Bar of Wisconsin, 94 F.3d 399 (7th Cir. 1996). None of the exceptions to the Eleventh Amendment apply in this case, and the Defendant is, therefore, entitled

---

[1] The Plaintiff is correct in noting that Title VII contains such an abrogation. Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). However, Judge Caldwell has already dismissed the Plaintiff's Title VII claims against the Kentucky Personnel Board. [R. 14 at 9-10].

to summary judgment on the basis that the Kentucky Personnel Board is protected by the Eleventh Amendment.

## V. CONCLUSION

For the reasons set forth herein, it is ordered as follows:

(1) The Defendant's Motion for Summary Judgment [R. 36] is GRANTED.

(2) Judgment in this matter shall be entered contemporaneously herewith.

Signed June 4, 2008.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge